UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL ELDON KENNEMORE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:08CV 173 DJS (LMB) |
| ) | |
| ALAN BLAKE, ) | |
| ) | |
| Respondent. ) | |

**ORDER AND REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the court on the petition of Daniel Eldon Kennemore for a writ of habeas corpus under 28 U.S.C. § 2254. This cause was referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 (b). Presently pending is petitioner's motion to appoint counsel. (Document Number 5). Also pending are petitioner's motions for default. (Docs. No. 7, 9, 11).

**1.    Motion to Appoint Counsel**

Habeas proceedings are civil in nature, and, thus, habeas petitioners have no Sixth Amendment right to counsel. See Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994); McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997) ("there is neither a constitutional nor statutory right to counsel in habeas proceedings"). Section 2254, which addresses the appointment of counsel, reads:

> (h) Except as provided in section 408 of the Controlled Substances Act, in all proceedings brought under this section, and any subsequent proceedings on

> review, the court may appoint counsel for an applicant who is or becomes
> financially unable to afford counsel, except as provided by a rule promulgated by
> the Supreme Court pursuant to statutory authority. Appointment of counsel under
> this section shall be governed by section 3006A of title 18.

28 U.S.C. § 2254 (h). A Magistrate Judge or District Judge may appoint counsel for a habeas petitioner if "the interests of justice so require." 18 U.S.C. § 3006A (a) (2) (B). Except when an evidentiary hearing is held, the court may use its discretion in deciding whether to appoint counsel. See Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir.1994). To determine whether appointment of counsel is warranted, the court should examine the nature of the litigation, the litigant's ability to do research and present his claims, and the complexity of the issues. See id.; McCall, 114 F.3d at 756.

A review of the pro se petition, as well as the additional documents filed in this case, indicates that they adequately present petitioner's issues. See Glass v. Higgins, 959 F.2d 88, 90 (8th Cir 1992). The instant petition raises four grounds for relief. This Court notes that none of these claims appear legally or factually complex and that petitioner has clearly presented his claims to this Court for adjudication. The undersigned finds that neither the interests of justice nor due process requires the appointment of counsel.

Accordingly, petitioner's motion will be denied.

**2.     Motions for Default**

On February 19, 2008, this court filed a Case Management Order directing respondent to respond to petitioner's petition by April 4, 2008. (Doc. No. 4). On April 4, 2008, respondent requested an extension of time, until April 18, 2008, to file a Response. (Doc. No. 6). The court granted respondent's motion on April 7, 2008.

On April 10, 2008, petitioner filed a "Motion of Default," in which he claims that he is entitled to immediate release because respondent's Response is overdue. (Doc. No. 7).

On April 18, 2008, respondent filed a second Motion for Extension of Time, in which respondent again requested an extension until April 18, 2008 to file his Response. (Doc. No. 8). The court granted respondent's motion.

On April 28, 2008, petitioner filed a second Motion for Default, in which he states that respondent's Response is overdue. (Doc. No. 9). Petitioner requests that the court grant his motion for default and release him immediately from confinement.

Respondent filed his Response on May 2, 2008. (Doc. No. 10).

On May 12, 2008, petitioner filed a "Motion for Default is Reply to Show Cause Why a Writ of Habeas Corpus Should be Granted," in which he argues that respondent failed to address the merits of petitioner's claims in violation of the court's order and of Rule 5(b) of the Rules Governing § 2254 Cases. Petitioner requests that the court grant his petition, grant his motion for default, and release him from confinement.

Default judgment is an extreme sanction that is disfavored in habeas cases, and some courts have even held that it is unavailable. See Lemons v. O'Sullivan, 54 F.3d 357, 364-65 (7th Cir. 1995) ("Default judgment is disfavored in habeas corpus cases"); Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990) ("The failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment"); Allen v. Perini, 424 F.2d 134, 138 (6th Cir. 1970) ("Rule 55(a) has no application in habeas corpus cases").

In this case, respondent filed his Response fourteen days after it was due. Although the Response was untimely, petitioner has not been prejudiced by respondent's fourteen-day delay in

responding to his petition. The extreme sanction of default judgment would be inappropriate under these circumstances. As such, the undersigned will deny petitioner's motions for default judgment.

**3.     The Petition**

Petitioner also contends that the Response fails to address the merits of the petition, in violation of this court's order and of Rule 5(b) of the Rules Governing § 2254 Cases. In his Response, respondent contends that the petition should be dismissed because petitioner does not challenge the custody that he is currently under. Respondent argues that it is impossible to discuss the merits of petitioner's claims because petitioner is not in custody pursuant to a criminal conviction. Respondent states that petitioner is in custody pursuant to a commitment about which he articulates no complaint in his petition.

As stated above, petitioner raises four grounds for relief in his petition. In his first ground for relief labeled "Due Process," petitioner argues that he was denied release after making bail in Memphis, Tennessee, he was not picked up within a 90-day time limit, there was no extradition warrant, and a St. Charles Jail guard coerced him to plead guilty. In his second ground for relief, petitioner repeats the allegations from his first ground for relief and labels them "Jurisdiction." In his third ground for relief, petitioner repeats the allegation regarding the jail guard and labels it "Coercion." In his final ground for relief, petitioner again raises the allegation about the jail guard and labels it "Force Plea."

Section 2254 mandates that a petitioner must show that he is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a) (1994). However, a federal court lacks jurisdiction over a petitioner's challenge to a conviction for which he is no longer incarcerated.

See Cotton v. Mabry, 674 F.2d 701, 703-704 (8th Cir. 1982); Flittie v. Solem, 882 F.2d 325, 326 (8th Cir. 1989). In this case, all of petitioner's grounds for relief challenge his conviction in a previous underlying criminal case. Petitioner, however, is not currently in custody pursuant to a criminal conviction. Rather, petitioner is currently detained by the Department of Mental Health at the Missouri Sexual Offenders Treatment Center in Farmington, Missouri, pursuant to a civil commitment as a sexually violent predator. See Respt's Ex. B at 123. Petitioner raises no claims regarding his civil commitment. Thus, this court lacks jurisdiction over the petition.

Accordingly, the undersigned recommends that the petition be dismissed.

**ORDER**

**IT IS HEREBY ORDERED** that petitioner's Motion for Appointment of Counsel (Doc. No. 5) is **denied**.

**IT IS FURTHER ORDERED** that petitioner's motions for default (Docs. No. 7, 9, 11) be and they are **denied**.

**RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that the petition of Daniel Eldon Kennemore for a writ of habeas corpus under 28 U.S.C. § 2254 be **dismissed.**

The parties are advised that they have eleven (11) days in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).

Dated this 2nd day of February, 2009.

*Lewis M. Blanton*

LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE